IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chastabear Parker,<br><br>    Petitioner,<br><br>v.<br><br>State of Arizona, et al.,<br><br>    Respondents. | No. CV-16-02404-PHX-PGR (BSB)<br><br>**REPORT**<br>**AND RECOMMENDATION** |

    Petitioner, who is incarcerated in the Arizona State Prison Complex-Eyman, brings this action pursuant to 28 U.S.C. § 2254. (Doc. 5.) Petitioner has filed a motion for bail pending the resolution of this matter. (Doc. 13.)

    The Ninth Circuit has not resolved whether the district court may grant release on bail pending resolution of a habeas corpus petition. *See In re Roe*, 257 F.3d 1077, 1080 (9th Cir. 2001) (noting divergence among circuits and declining to resolve whether release may be granted pending a decision by the district court on a habeas petition). Therefore, to resolve this motion, the Court assumes it has the authority to release Petitioner on bail and considers Rule 23 of the Federal Rules of Appellate Procedure, which governs the authority of the federal courts to release both successful and unsuccessful habeas petitioners pending appeal. *See United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1994) (federal sentence); and *Marino v. Vasquez*, 812 F.2d 499, 507 (9th Cir. 1987) (state court sentence). In connection with a habeas corpus petition, bail is reserved for "'extraordinary cases involving special circumstances or a high probability

of success.'" *Mett*, 41 F.3d at 1282 (quoting *Land v. Deeds*, 878 F.2d 318 (9th Cir. 1989)). "Special circumstances" include "a serious deterioration of health while incarcerated, and unusual delay in the appeal process." *Salerno v. United States*, 878 F.2d 317 (9th Cir. 1987). Special circumstances also include situations in which "the sentence was so short that if bail were denied and the habeas petition were eventually granted, the defendant would already have served the sentence." *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3rd Cir. 1992).

Assuming that this Court has the authority to release Petitioner pending a decision on his habeas petition, it is not appropriate to exercise that authority in this case. Petitioner has not shown that special circumstances exist. Petitioner does not allege that his health will seriously deteriorate during his incarceration. (Doc. 13.) Additionally, there is no obvious risk that Petitioner's sentence will expire before his Amended Petition could be granted. On March 27, 2012, Petitioner was sentenced to a total of ten years' imprisonment followed by lifetime probation. (Doc. 7 at 1.) Petitioner does not identify any special circumstances making his situation an extraordinary case justifying release. Petitioner also has not shown a high probability of success. The Amended Petition was recently filed and is not fully briefed. However, review of the Amended Petition does not reveal a high probability that Petitioner will prevail.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's motion for release on bail (Doc. 13) be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate

Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 4th day of October, 2016.

Bridget S. Bade
United States Magistrate Judge