**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chastabear William Parker,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-16-02404-PHX-PGR (BSB)<br><br>ORDER |

    Having reviewed *de novo* the Report and Recommendation of Magistrate Judge Bade (Doc. 34) in light of the petitioner's Motion: Specific Written Objections to the Magistrate's Report and Recommendation (Doc. 36) and his Memorandum (Doc. 38), the Court finds that the petitioner's objections should be overruled because the Magistrate Judge properly concluded that the petitioner's amended habeas petition, filed pursuant to 28 U.S.C. § 2254, must be dismissed as time-barred.

    The petitioner, who is serving a sentence for attempted sexual conduct with a minor and sexual abuse of a minor, crimes for which he pled guilty, commenced

this action on the Court-deemed date of July 7, 2016.[1]  The Court agrees with the Magistrate Judge that the AEDPA's one-year statute of limitations expired on February 7, 2014, and that this expiration date cannot be further statutorily tolled because both of the petitioner's state post-conviction relief petitions, filed after his initial of-right PCR petition was dismissed, do not count towards statutory tolling because they were filed untimely under Arizona law and thus were not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2).[2]

The Court also agrees with the Magistrate Judge that the petitioner has not established his entitlement to any equitable tolling.[3]  Although the AEDPA's statute of limitations may be equitably tolled in appropriate circumstances, Holland v. Florida,130 S.Ct. 2549, 2560 (2010), the application of equitable tolling is a rarity due to the very high threshold needed to trigger it. Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009).  The petitioner would be entitled to equitable

---

[1] The first document filed by the petitioner in this action was filed with the Court on July 18, 2016, but the document states that it was signed by the petitioner on July 7, 2016.  The petitioner's amended petition (Doc. 5) was filed on August 8, 2016.

[2] Because the Court concludes that the petitioner's amended habeas petition was untimely filed, the Court cannot reach the merits of that petition.  Since timeliness is the determinative issue here, the Court, like the Magistrate Judge, does not reach the other arguments raised by the State, and the petitioner's objections to the Report and Recommendation directed at these other arguments made by the State are irrelevant to the Court's resolution of his habeas petition because they do not concern the timeliness of his petition.

[3] The Magistrate Judge concluded that even if the limitations period was equitably tolled for the 117 days it took the petitioner to receive notice of the state trial court's denial of his second PCR petition, that tolling period would still not make this habeas action timely filed.  The Court agrees with this conclusion.

- 2 -

tolling only if he meets his heavy burden of showing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Holland v. Florida, 130 S.Ct. at 2562. The petitioner has not met this burden notwithstanding his objection that he should be treated leniently because he is a pro se litigant.

To the extent that the petitioner may be objecting to the Report and Recommendation on the ground that the AEDPA's limitations period does not apply because he is actually innocent of the crimes for which he convicted, the Court disagrees. A credible claim of actual innocence can constitute an equitable exception to the AEDPA's limitations period. Lee v. Lambert, 653 F.3d 929, 932 (9th Cir.2011) (en banc). However, in order to present otherwise time-barred claims to a federal habeas court under Schlup v. Delo, 513 U.S. 298 (1995), the petitioner has the heavy burden of producing "new reliable evidence - whether it be exculpatory scientific evidence, trust-worthy eyewitness accounts, or critical physical evidence - that was not presented at trial" that so strongly shows his actual innocence "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 938 (quoting Schlup, 513 U.S. at 324 and 327). The petitioner has in no way met this burden.

The Court further agrees with both the Magistrate Judge's conclusion that the petitioner's Request for Introduction of Withheld Evidence should be denied because it is a request for discovery that is not necessary for the Court's resolution of the amended petition, and her conclusion that the petitioner's Notice of Denial of Access to Courts and Denial of Meaningful Appeal should also be denied because it appears to be a request by the petitioner to further amend his amended petition to add claims that are not cognizable on federal habeas review because they turn on the

interpretation and application of state law. Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (**Doc. 34**) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's Amended Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (**Doc. 5**) is denied and that this action is dismissed with prejudice.

IT IS FURTHER ORDERED that a Certificate of Appealability shall not issue and that leave to appeal *in forma pauperis* is denied because the dismissal of the petitioner's habeas petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

IT IS FURTHER ORDERED that the petitioner's Motion: Extension of Time to File Specific Written Objections to the Report and Recommendation (**Doc. 35**) is granted to the extent that the petitioner's Motion: Specific Written Objections to the Magistrate's Report and Recommendation (Doc. 36) is deemed to have been timely filed.

IT IS FURTHER ORDERED that the petitioner's following motions are all **denied**: Motion: Request for Introduction of Withheld Evidence (**Doc. 11**); Motion: Notice of Denial of Access to Courts and Denial of Meaningful Appeal Re: Motion for Introduction of Withheld Evidence (**Doc. 32**);and Motion: Release Pending Appeal (**Doc. 37**).

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

DATED this 27th day of September, 2017.

Paul G. Rosenblatt
United States District Judge