IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chastabear William Parker,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-16-02404-PHX-PGR<br><br>ORDER<br><br>(9th Cir. No. 17-17040) |

    On September 28, 2017, the Court entered its Order (Doc. 39) and Judgment (Doc. 40) dismissing the petitioner's amended § 2254 habeas petition with prejudice on the ground that it was untimely filed under the AEDPA. Pending before the Court is the petitioner's Motion: Reconsideration (Doc. 41), filed October 10, 2017, which the Court construes as being filed pursuant to Fed.R.Civ.P. 59(e). Having considered the motion in light of the applicable record, the Court finds that it should be denied.

    A Rule 59(e) motion is an "extraordinary remedy, to be used sparingly[.]" Wood v. Ryan, 759 F.3d 1117, 1121 (9th Cir.2014). The Court may consider the merits of a Rule 59(e) motion filed in a habeas action only to the extent that it asks the Court to correct manifest errors of law or facts underlying its judgment of

dismissal. Rishor v. Ferguson, 822 F.3d 482, 492 (9th Cir.2016). The Court enjoys "considerable discretion" in resolving such a motion. *Id.*

The Court dismissed the petitioner's habeas action, deemed to have been filed on July 7, 2016, as time-barred because the AEDPA's one-year statute of limitations expired on February 7, 2014, and petitioner had not established that the limitations period should be extended pursuant to either statutory or equitable tolling. Nothing in the petitioner's Rule 59(e) motion convinces the Court that it clearly erred in dismissing this action on that ground because the petitioner's motion is not directed at the timeliness of this action, but rather on the issue of whether the petitioner showed sufficient cause and prejudice to excuse the fact that he had procedurally defaulted on all of his claims, which is an issue the Court did not reach, and still does not reach, in light of the untimeliness of the action. Therefore,

IT IS ORDERED that the petitioner's Motion: Reconsideration (Doc. 41) is denied.

IT IS FURTHER ORDERED that the Clerk of the Court shall provide the Ninth Circuit Court of Appeals with a copy of this Order to be filed in the petitioner's appeal, case number 17-17040.

DATED this 1st day of November, 2017.

Paul G. Rosenblatt
United States District Judge